IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH WALTHOUR, :
:
       Plaintiff, : CIVIL NO. 3:CV-07-0528
:
v. : (Judge Vanaskie)
:
FRANKLIN J. TENNIS, et. al, :
:
       Defendants. :

## MEMORANDUM

Background

Joseph Walthour, proceeding pro se, initiated this civil rights action while previously confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview).[1] Sixteen (16) defendants were named in the Complaint. Plaintiff alleged that after filing a complaint in this Court on January 12, 2006, Walthour v. Tennis, et al., Civil Action No. 3:06-CV-86, he was issued retaliatory misconduct reports on four (4) separate occasions.

By Memorandum and Order dated September 24, 2008, Defendants' motion to dismiss was granted in part. (Dkt. Entry # 31.)[2] Specifically, all claims and Defendants were dismissed

---

[1] Plaintiff has been paroled and is presently residing in Philadelphia, Pennsylvania. (Dkt. Entry # 37.)

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink

with the exception of the retaliation claims asserted in connection with the issuance and disposition of Misconduct #A 919198.  As a result, the remaining Defendants are Deputy Chief Counsel Timothy Mark of the Pennsylvania Department of Corrections (DOC) and the following SCI-Rockview officials: Superintendent Franklin Tennis, Hearing Examiner L. Shay Kerns-Barr, Major Stephen Glunt, Program Review Committee (PRC) members Deputy Superintendent Joel Dickson, Program Manager Melinda Smith, and Deputy Superintendent Marirosa Lamas.

It is undisputed that on December 18, 2006, Corrections Officer Trainee Benjamin Leidhecker issued Misconduct #A 919198, which charged Plaintiff with threatening an employee or his/her family member with bodily harm; refusing to obey an order; use of abusive, obscene, or inappropriate language to an employee, and being present in an unauthorized area.  Walthour contends that Major Glunt was responsible for investigating the misconduct, had Plaintiff labeled as posing a threat to institutional staff, and transferred from general population to solitary confinement pending disposition of the disciplinary charge.

Defendants acknowledge that the misconduct report written by Leidhecker was approved by Major Glunt and that Walthour was placed in pre-hearing confinement by Glunt pending disposition of the charges.  However, they contend that "Glunt did not investigate the misconduct charge."  (Dkt. Entry # 47 at 2.)

Plaintiff further avers that on the same day he was issued the misconduct, he submitted

---

ceases to work or directs the user to some other site does not affect the opinion of the Court.

a form requesting the appearance of three (3) witnesses, all correctional officers,[3] at his misconduct hearing. He claims that his request was improperly denied. Defendants concur that the misconduct hearing was conducted by Defendant Kerns-Barr on December 20, 2006 and she denied Walthour's request to have the three correctional staff members appear as witnesses. Plaintiff was found not guilty on the threatening an employee charge, but guilty on the remaining charges and sanctioned to a sixty (60) day term of disciplinary confinement and the loss of his institutional job.

On January 1, 2007, Walthour appealed the finding of guilt to the PRC, consisting of Defendants Dickson, Lamas, and Smith. The decision of Hearing Examiner Kerns-Barr was sustained by the PRC. Further administrative appeals to both Superintendent Tennis and Chief Counsel Mark were similarly unsuccessful.

Presently pending is the remaining Defendants' unopposed summary judgment motion. (Dkt. Entry # 40.) The motion is ripe for consideration.

Discussion

The remaining Defendants claim entitlement to summary judgment on the grounds that: (1) the undisputed facts establish that Defendants Glunt and Kerns-Barr did not retaliate against Plaintiff; and (2) Defendants Dickson, Smith, Lamas, Tennis, and Mark were not

---

[3] The three officers were Leidhecker, Pace, and Verbitskey, none of whom are named as Defendants in this matter.

personally involved in any violation of Plaintiff's constitutional rights.

Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See also, Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).

Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Personal Involvement

Defendants Dickson, Smith, Lamas, Tennis, and Mark argue that entry of summary judgment in their favor is appropriate in that they were not personally involved in any violation of Plaintiff's constitutional rights because "mere concurrence in a prison administrative appeal process does not implicate a constitutional concern." (Dkt. Entry # 47, at 9.) As previously noted, Defendants' argument is unopposed.

A plaintiff, in order to state an actionable civil rights claim under 42 U.S.C. § 1983 must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right,

5

privilege, or immunity secured by the Constitution or laws of the United States.[4] Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Consequently, dissatisfaction with response to an inmate's grievances does not support a constitutional claim. See

---

[4] A physician is considered to act under color of state law if he or she is under contract to provide medical services to prisoners. See Christy v. Robinson, 216 F. Supp. 2d 398, 412 n. 26 (D. N.J. 2002).

also Alexander v. Gennarini, 144 Fed. Appx. 924 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). As stated in Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007), "mere concurrence in a prison administrative appeal process does not implicate a constitutional concern."

Plaintiff solely contends that Defendants Dickson, Smith, Lamas, Tennis, and Mark had the authority and opportunity "to stop the retaliatory conduct and correct the civil rights violation" but declined to do so. (Dkt. Entry # 1, ¶ 80.) It is noted that there are no facts alleged which could support a contention that these officials acted with any retaliatory motive. Rather, Walthour asserts only that by not taking favorable action on their administrative review of Misconduct #A 919198, those Defendants failed to correct the underlying alleged retaliatory actions.

The fact that these Defendants responded unfavorably to Walthour's administrative appeals of the finding of guilt rendered at his SCI-Rockview disciplinary hearing does not establish their personal involvement in the alleged issuance of a retaliatory misconduct charge or the purported retaliatory placement in segregated housing and is insufficient to assert a Section 1983 claim. See Rode, 845 F.2d at 1207. Summary judgment will be entered in favor

of Defendants Dickson, Smith, Lamas, Tennis, and Mark.

Retaliation

Defendants Glunt and Kerns-Barr assert that the undisputed facts establish that they did not engage in any retaliation against Walthour. (Dkt. Entry # 47 at 6.) In support of their argument both Defendants have submitted supporting declarations under penalty of perjury. (Dkt. Entry # 47-2.) Both their declarations and summary judgment argument are unopposed.

Hearing Examiner Kerns-Barr states that for several months during 2006 she was temporarily assigned to conduct disciplinary hearings at SCI-Rockview.[5] She acknowledges presiding over an October 20, 2006 disciplinary hearing regarding Misconduct #A 919198. Kerns-Barr states that she denied Plaintiff's request for three staff members, including reporting Correctional Officer Trainee Leidhecker, to appear as witnesses because "I determined that the testimony was not necessary to establish guilt or innocence." (Id., Kerns-Barr Declaration at ¶ 8.) She adds that her decision was not due to "any prior lawsuits he may have filed." (Id. at ¶ 9.)

Defendant Kerns-Barr next notes that Plaintiff was found not guilty of the threatening an employee charge but guilty of the remaining charges and was sanctioned to a sixty (60) day term of restricted housing. The Hearing Examiner avers that she accepted Leidhecker's written

---

[5] Kerns-Barr notes that during that time period her regular job assignment was to conduct hearings at SCI-Muncy and SCI-Coal Twp.

8

report regarding the incident over Walthour's testimony that Leidhecker had given the prisoner permission "to go to another range on the block" because she found it hard to believe that an officer trainee would risk his DOC career "by ignoring prison rules" and permitting a prisoner to visit another inmate on the block. (Id. at ¶ 15.) Kerns-Barr further states that she was not named as a defendant in Plaintiff's prior lawsuit and was not aware of its existence and that her decision making with respect to misconduct # A 919198 was solely premised upon her conclusion that Walthour's version of the events was not credible, a determination which she notes was upheld at all levels of administrative review.

Major Glunt states that during the relevant time period he was employed as shift commander and as such had the duty "to review and approve misconduct charges."[6] (Id., Glunt Declaration at ¶ 2.) Glunt avers that he does not presently recall reviewing Misconduct #A 919198, adding that "[n]ormally when I approved a misconduct charge I did not investigate the misconduct charge or interview anyone in connection with the charge." (Id. at ¶ 4.) Rather, Glunt indicated that he would only review a charge to ensure that it complied with DOC regulations. Defendant Glunt further offered that he was unaware of any prior lawsuits filed by Walthour, and that he saw nothing in the misconduct report to suggest that the report "was falsified or exaggerated." (Id. at ¶ 7.)

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying

---

[6] Glunt notes that he retired in 2007.

9

three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.[7] See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005).

Once Plaintiff has made a prima facie case, the burden shifts to the defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted). When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult,

---

[7] Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

The filing of a lawsuit is protected activity under the First Amendment right of prisoners to petition the court. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). Thus, the first prong of Rauser, i.e., that the plaintiff be engaged in a constitutionally protected activity, has been satisfied. With respect to the second prong of Rauser, this Court is equally satisfied that the issuance of Misconduct #A 919198 and Plaintiff's placement in pre-hearing segregation,[8] the adverse action allegedly taken against Walthour, would be sufficient to deter a prisoner of ordinary firmness from exercising his constitutionally protected conduct. Hence, there has also been adequate compliance with that Rauser requirement.

Glunt and Kerns-Barr have filed undisputed declarations averring that they had no knowledge that Walthour had filed a lawsuit prior to the issuance of Misconduct #A 919198, and that they did not initiate or investigate said misconduct charge. They also note that their actions were not the result of a retaliatory motive, but rather were decisions which were appropriate under the circumstances. There is no evidence to contradict these assertions. Absent knowledge that a party knows of the exercise of protected activity, a complainant

---

[8] See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)( filing of false disciplinary charge is actionable if done in retaliation); Allah, 229 F.3d at 225 (confinement in administrative segregation can satisfy the adverse action requirement of Rauser.).

11

cannot show that adverse action was intended as retaliation of the exercise of that protected conduct. It is also noted that Kerns-Barr dismissed the serious charge that Walthour threatened an employee. Finally, in light of being charged with threatening a correctional staff member, Glunt's decision to have Walthour placed in administrative confinement pending the outcome of an internal investigation was reasonably related to a valid penological interest.

In light of those undisputed considerations, Plaintiff has failed to satisfy the third prong of Rauser. Specifically, he has not presented any evidence to support a reasonable inference that his initiation of a federal civil rights lawsuit was a substantial or motivating factor underlying the actions taken by Glunt and Kerns-Barr with respect to Misconduct #A 919198. This is not a case where the facts are unusually suggestive of a retaliatory motive, as contemplated in Krouse. Consequently, it is apparent that a rational trier of fact could not conclude that Kerns-Barr and Glunt engaged in retaliatory conduct. The unopposed request for summary judgment will be granted in favor of Defendants Kerns-Barr and Glunt. An appropriate Order will enter.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH WALTHOUR, :
:
    Plaintiff, : CIVIL NO. 3:CV-07-0528
:
v. : (Judge Vanaskie)
:
FRANKLIN J. TENNIS, et. al, :
:
    Defendants. :

## ORDER

AND NOW, THIS 28th DAY OF JANUARY, 2010, for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The remaining Defendants' unopposed motion (Dkt. Entry # 40) for summary judgment is GRANTED.

2. The Clerk of Court is directed to mark this case CLOSED.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge